Ms. Nina Windsor Municipal Recreational Improvement District #3 Club Road Horseshoe Bend, Arkansas 72512
Dear Ms. Windsor:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has made an FOIA request for a document, which you maintain. The request seeks, among other things, "a copy of [a former employee's] termination/discharge notice giving the exact reason his employment was terminated." You have attached the requested document to your opinion request. You have made the following decisions:
 • that the Municipal Recreational Improvement District is subject to the FOIA;
 • that the document requested is a public record;
 • that the record meets the definition of an employee-evaluation record; and
 • that the record must be withheld from disclosure because, in your judgment, the test for the release of employee-evaluation records so requires. *Page 2 
You ask for my opinion about whether these decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having evaluated the record, your background facts, and your analysis, it is my opinion that your decision refusing to release the document is not consistent with the FOIA.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As noted above, you have decided that the Municipal Recreational Improvement District is subject to the FOIA and that the attached record meets the definition of a public record. I assume for purposes of this opinion that both decisions are correct.
Accordingly, the public record must be released unless some exception requires otherwise. The FOIA provides two exceptions for items normally found in employees' personnel files.[1] For purposes of the FOIA, these items can usually be divided into two mutually exclusive groups: "personnel records"[2] or "employee *Page 3 
evaluation or job performance records."[3] This opinion will only deal with the latter because that is the basis for your decision.
When custodians assess whether either of these exceptions applies to a particular record, they must make two determinations. First they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed.
While the FOIA does not define employee-evaluation records, this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer to detail the employee's performance or lack of performance on the job.[4]
This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[5]
You have correctly determined that the record meets the definition of an employee-evaluation record.
If a document meets the above definition, the documentcannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline); *Page 4 
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[6]
You indicate that elements one, two, and four are clearly met in this case. The basis for your refusal to release the records is that, in your judgment, the third element is not met. You say, "In this case, the record in question did not seem to form a basis for the decision to [terminate]. In fact, what is requested is the actual termination notice." In my opinion, your interpretation of this third element is too narrow. This office has long held that the notice-of-termination letter, which is typically the final product of an investigation, meets the relevance element.[7] Accordingly, the reason you give for non-disclosure is, in my opinion, not consistent with the FOIA.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (Arkansas Law Press, 5th ed., 2009).
[2] A.C.A. § 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[3] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[5] Id.
[6] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[7] E.g. Op. Att'y Gen. 2005-175 ("This office has concluded on various occasions that any document up to and including a notice of suspension or termination that details the reasons for the disciplinary action should be deemed to have `formed a basis' for that action.").